IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

EDWARD JONES                                                                PLAINTIFF

v.                              No. 2:21-cv-24-DPM

JESSE B. DAGGETT, Attorney;
AARON TRAYLOR, Traylor Farm Inc.;
WAYNE TRAYLOR; CLARENCE JONES,
Jones Farm Inc.; MICHAEL TRAYLOR                          DEFENDANTS

ORDER

1. Jones's application to proceed *in forma pauperis*, Doc. 1, is granted. He has little income and no assets.

2. The Court must screen Jones's complaint. 28 U.S.C. § 1915(e)(2). This is Jones's third suit against Defendants alleging they fraudulently allowed an imposter to impersonate Clarence Jones at a civil hearing before the Lee County Circuit Court in 2017. This Court dismissed his previous § 1983 cases for failing to state a claim. *Jones v. Traylor, et al.*, No. 2:20-cv-86-BSM, Doc. 3; *Jones v. Traylor, et al.*, No. 2:20-cv-116-JM, Doc. 3. Jones now cites Title VII, alleging that he suffered racial discrimination and retaliation at the hands of Defendants. 42 U.S.C. §§ 2000e *et seq.* Title VII protects employees from racial discrimination. It has no applicability here. There is also a limitations bar against any § 1983 claim: the applicable three-year statute has run on events that occurred at a hearing in

August 2017. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (ARK. CODE ANN. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases filed in Arkansas). The parties are all Arkansawyers, so there's no diversity jurisdiction over a fraud claim. 28 U.S.C. § 1332(a). And in the absence of any federal question, the Court declines to exercise supplemental jurisdiction over that state law claim. 28 U.S.C. § 1367(c)(3); *McManemy v. Tierney*, 970 F.3d 1034, 1040–41 (8th Cir. 2020). The Court will dismiss the case without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 March 2021